CHANDLER, Justice,
concurring in part and dissenting in part:
¶ 90. I would find that the evidence of consent was inadmissible because an eleven-year-old child cannot legally consent to sexual intercourse. See Miss.Code Ann. § 97-3-65 (Rev.2006). However, I would find that the error in admitting the consent evidence does not require the remedy of a new trial on both liability and damages. The jury returned a verdict in favor of L.R., and the trial court entered a judgment notwithstanding the verdict that determined Federation to be wholly at fault for the rape of L.R. Thus, L.R. already has received a favorable determination of liability. However, because Federation attempted to show that statutory rape was less psychologically damaging than forcible rape, the improper evidence of consent was offered to dispute the amount of L.R.’s damages. See Maj. Op. at ¶ 30. As the jury considered improper evidence on damages, I would reverse and remand for a new trial limited to the issue of damages. I concur with the majority’s resolution of the other issues. Therefore, I respectfully concur in part and dissent in part.
PIERCE, J., JOINS THIS OPINION.